**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-0499-MSK-MEH

BRUCE NUNNALLY,

    Plaintiff,

vs.

NELNET, INC.,

    Defendant.

---

**ANSWER**

---

DEFENDANT, NELNET, INC., by and through its attorneys, VAUGHAN & DeMURO, answers Plaintiff's complaint as follows:

**JURISDICTION AND VENUE**

1.    In answer to paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff is attempting to assert claims under 42 U.S.C. § 12101, *et seq.* and Colorado state law, but denies all allegations that Plaintiff has made under those laws.

2.    Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3.    Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint, but admits that venue is proper in the United States District Court for the District of Colorado.

4.    Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.    In answer to paragraph 5 of Plaintiff's Complaint, Defendant admits it is a corporation doing business in the state of Colorado at 3015 South Parker Road, Suite 400,

Aurora, Colorado, 80216. Defendant denies the remaining allegations of paragraph 5 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

6. Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint.

7. In answer to paragraph 7 of Plaintiff's Complaint, Defendant admits that Mr. Nunnally fell and broke his right wrist on December 10, 2008, in the parking lot of Nelnet's office in Aurora. Defendant denies the remaining allegations of paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant is currently without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint, and, accordingly, denies the same.

11. Defendant is currently without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint, and, accordingly, denies the same.

12. Defendant admits the allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations in paragraph 14 of Plaintiff's Complaint.

15. In answer to paragraph 15, Defendant admits that Mr. Nunnally hand-delivered several documents to Ms. White at Nelnet. Defendant denies the remaining allegations of paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations in paragraph 16 of Plaintiff's Complaint.

17. In answer to paragraph 17 of Plaintiff's Complaint, Defendant admits Plaintiff filed a charge with the EEOC asserting disability discrimination. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 17, and, accordingly, denies the same.

18. In answer to paragraph 18 of Plaintiff's Complaint, Defendant admits the EEOC issued a Notice of Right to Sue to Mr. Nunnally. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 18, and, accordingly, denies the same.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

25. In answer to paragraph 25, Defendant incorporates its answers to the allegations contained in paragraphs 1 through 24 of Plaintiff's Complaint as though fully set forth herein.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

28. In answer to paragraph 28, Defendant incorporates its answers to the allegations contained in paragraphs 1 through 27 of Plaintiff's Complaint as though fully set forth herein.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation not specifically admitted herein.

2. Defendant alleges that Plaintiff has failed to state a claim or cause of action against Defendant upon which relief may be granted.

3. Defendant alleges that the sole proximate cause of the injuries and/or damages alleged were due to the fault of Plaintiff or that his fault contributed to the same. On a comparative basis, the fault of Plaintiff far outweighs that of Defendant, whose fault is specifically denied.

4. Defendant alleges that Plaintiff's alleged injuries and damages, if any, were proximately caused by the acts of a third party, not a party to this action, over whom Defendant had no control nor right of control.

5. Defendant alleges that Plaintiff assumed the risk of the injury or damages claimed.

6. Defendant alleges that Plaintiff failed to mitigate his damages, if any, as required by law.

7. Defendant alleges that Plaintiff's claims for non-economic damages on the Third Claim are subject to the limitations of C.R.S. § 13-21-102.5.

8. Defendant alleges that Plaintiff's claims for punitive or exemplary damages on the Third Claim are barred or subject to the limitations of C.R.S. § 13-21-102.

9. Defendant alleges that Plaintiff's claims for damages on the Third Claim are subject to reduction based on compensation from a collateral source pursuant to C.R.S. § 13-21-111.6.

10. Defendant alleges that Plaintiff's Third Claim is barred, as it was not brought within the applicable time limit as required by the statutory limitation of actions provisions of C.R.S. § 13-80-101 *et seq*.

11. Defendant alleges the claims alleged exceed the scope of the administrative charges or proceedings Plaintiff brought before the Equal Opportunity Employment Commission or the Colorado Civil Rights Division.

12. Defendant alleges Plaintiff's claims of discrimination are barred, in whole or in part, because they were not timely filed as required under 42 U.S.C.A. § 12117 and 42 U.S.C. §2000e-5(e).

13. Defendant alleges Plaintiff has failed to exhaust any and all remedies pursuant to the applicable administrative regulations, state, and/or federal law.

14. Defendant alleges that the amount of damages recovered by Plaintiff, if any, are limited by 42 U.S.C. §§ 1981a(a-b), 2000e and 12117 and 29 U.S.C. § 626(b).

15. Plaintiff is not a qualified individual with a disability.

16. Plaintiff does not have an impairment that substantially limits one or more major life activities, have a record of such an impairment, and was not regarded as having such an impairment

17.     Plaintiff did not request any reasonable accommodation relating to any alleged disability.

18.     Any accommodation Plaintiff allegedly requested was met by Defendant or if not met, the accommodation requested was unreasonable or would cause undue hardship on Defendant.

19.     Defendant's drug-free work place policies are job related and consistent with business necessity.

20.     Defendant's alleged actions reflect a standard designed to avoid a direct threat to the health and safety of Plaintiff or other employees in the workplace.

21.     Plaintiff's claims are barred in whole or in part under the doctrines of waiver, estoppel and/or laches.

22.     Plaintiff's claim for punitive or exemplary damages violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the Due Process Clause of the Fourteenth Amendment to the United States Constitution; the Equal Protection Clause of the United States Constitution; and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

23.     Defendant alleges that Plaintiff's claims are subject to reduction under the doctrine of setoff.

24.     Defendant's actions were taken for reasons other than Plaintiff's filing of a worker's compensation claim.

25.     Defendant's actions were taken for legitimate non-discriminatory business reasons.

26.     Any actions of Defendant were taken in good faith and with a reasonable belief that it was not violating the law.

27.     Defendant was an at-will employee.

28.     Plaintiff has been unable to return to work due to his injury.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed and that Defendant be awarded its costs and fees and any other relief deemed appropriate.

Submitted March 8, 2010.          VAUGHAN & DeMURO

/s/ Shelby A. Felton
David R. DeMuro
Shelby A. Felton
3900 E. Mexico Ave., Suite 620
Denver, Colorado 80210
(303) 837-9200 phone
(303) 837-9400 fax
Email: sfelton@vaughandemuro.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2010, I electronically filed Defendant's **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

McReynolds Law, LLC
Gregg McReynolds
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Gregg@greggmcreynolds.com

                        s/Shelby A. Felton
                        Shelby A. Felton
                        3900 E. Mexico Ave., Suite 620
                        Denver, Colorado 80210
                        (303) 837-9200
                        (303) 837-9400 fax
                        Emails:sfelton@vaughandemuro.com